# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JESSE B. MARTINEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 16 C 2886** |
| | ) | |
| **RANDY PFISTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

 This matter is before the court on Petitioner Jesse Martinez's (Martinez) *pro se* petition for write of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 and *pro se* motion to stay the habeas corpus proceedings. For the reasons stated below, the Petition is denied and the motion to stay is denied.

## BACKGROUND

 On December 17, 2001, Martinez was convicted in a jury trial for first degree murder, attempted first degree murder, aggravated battery with a firearm, armed violence, and home invasion. On December 15, 2005, Martinez's conviction was affirmed by the Illinois Appellate Court (Appellate Court). Martinez then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was

1

denied on May 24, 2006. The record does not reflect that Martinez appealed the denial of that petition. On December 1, 2006, Martinez filed a post-conviction petition. On March 3, 2010, Martinez filed an amended petition and on May 18, 2012, Martinez filed a supplemental addendum. On December 19, 2012, the trial court granted a motion to dismiss Martinez's post-conviction petition. On April 27, 2015, the Illinois Appellate Court affirmed the trial court decision. On September 30, 2015, the Illinois Supreme Court affirmed the Appellate Court's decision and denied Martinez's PLA. On March 4, 2016, Martinez filed the instant Petition. Respondent has filed an answer and opposes the Petition. On November 28, 2016, Martinez filed a motion to stay the habeas corpus proceedings and Respondent opposed Martinez's motion.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the

governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Martinez's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Martinez asserts in the Petition: (1) that the Appellate Court erred in finding that Martinez's right to due process was not violated where Martinez claims that the State concealed incentives given to key witnesses (Claim 1), (2) that the Appellate Court erred in denying Martinez's claim for ineffective assistance of counsel (Claim 2), (3) that the Appellate Court erred in holding that Martinez's right to due process and fair trial was not violated when the court permitted a State witness to attribute a statement to Martinez which was never

disclosed (Claim 3), (4) that the Appellate Court erred by making an unreasonable determination of facts as presented in State court (Claim 4), and (5) that the Appellate Court erred by denying Martinez leave to file his supplemental brief (Claim 5).

## I. Claim 1

As indicated above, Martinez argues in Claim 1 that his right to due process was violated where the State allegedly concealed financial incentives given to key witnesses. Martinez alleges that the State withheld information from his counsel, which violated Martinez's due process rights under *Brady v. Maryland,* 373 U.S. 83 (1963). For a *Brady* claim, a petitioner must show: (1) "that the government failed to give him evidence favorable to his defense, that would tend to show his innocence, or that could be used to impeach witnesses at trial," and (2) "that the evidence suppressed was material; that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Morgan v. Hardy*, 662 F.3d 790, 800 (7th Cir. 2011)(quoting in part *Strickler v. Greene*, 527 U.S. 263, 281 (1999)).

In the instant action, the record reflects that Martinez argued on appeal that the State failed to produce information regarding Melissa Sandoval's (Sandoval) financial incentives for providing her testimony. The record reflects that the prosecution offered to Sandoval's mother that they would provide financial assistance to relocate Sandoval. (R. Ex. A:33-34). The financial assistance included

4

moving expenses, first month of rent, and security deposit. The record reflects that the prosecution tendered a note to Martinez's counsel prior to Sandoval's testimony. (Pet. 58). The record further reflects that the note outlined the financial arrangement between the government and Sandoval. (Pet. 58). Sandoval testified as a witness to the Martinez's alleged crimes, and Sandoval provided adverse testimony against Martinez. (Pet. 58-60). The Appellate Court found that Martinez's attorney was properly notified of the arrangement between the prosecution and Sandoval. (R. Ex. A:34-37). In addressing the merits of the claims in a Section 2254 habeas petition, the federal court "presume [s] state factual findings to be correct, unless the petitioner rebuts the presumption by clear and convincing evidence." *Morgan v. Hardy*, 662 F.3d 790, 797–98 (7th Cir.2011) (stating that "[t]he presumption of correctness also applies to factual findings made by a state court of review based on the trial record"). The Appellate Court found that the prosecution properly disclosed information to Martinez's counsel prior to Sandoval's testimony and did not commit a discovery violation. The Appellate Court also found that even if the prosecution did not disclose this information, the result of the proceeding would have been the same. Martinez fails to rebut the presumption by clear and convincing evidence that the prosecution failed to provide favorable evidence to Martinez. Even absent such an evidentiary burden, it is clear that the prosecution did not commit a *Brady* violation. Therefore, Claim 1 lacks any merit.

II. Claim 2.

As indicated above, Martinez contends in Claim 2 that he was denied effective assistance of counsel. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)); *see also McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)); *Wyatt*, 574 F.3d at 457-58 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance").

In the instant action, Martinez alleges that the Appellate Court erred by denying his claim for ineffective assistance of counsel where his attorney allegedly failed to adequately cross examine Sandoval regarding the financial arrangement. Martinez argues that the jury should have heard testimony that Sandoval initially refused to testify, that Sandoval was held in contempt of court, and that Sandoval received financial incentives for providing her adverse testimony. The record reflects that the Appellate Court determined that Martinez's counsel was aware of the

prosecution's agreement during the cross-examination. (R. Ex. A:34-37). Also, the record reflects that the Appellate Court found that Sandoval was cross-examined extensively on other matters. (R. Ex. A:37). The Appellate Court concluded that counsel made a strategic decision to not cross-examine Sandoval about financial incentives. (R. Ex. A:37). Counsel's decision not to cross-examine on the arrangement was warranted because the jury may have heard testimony that Sandoval's relocation expenses were being paid because Sandoval feared retaliation from Martinez. *See United States v. Harris,* 394 F.3d 543, 557 (7th Cir. 2005)(denying a party's ineffective assistance of counsel claim where the attorney made the strategic decision to not dwell on a witness who brought forward "damning" evidence). Martinez fails to establish that the Appellate Court erred by finding that his counsel's performance did not fall below an objective standard of reasonableness. Nor has Martinez established prejudice. Thus, Martinez's Claim 2 lacks any merit.


III. Claim 3

As indicated above, Martinez argues that his right to due process and a fair trial was violated when the court permitted Officer Bain (Bain) to attribute a statement to Martinez which was never disclosed. Respondent contends that Claim 3 fails because Martinez waived the argument at the trial court and then the Appellate Court rejected it on state procedural grounds. Questions of state law are not cognizable claims on habeas review. *See McCloud v. Deppisch,* 409 F.3d 869, 874

(7th Cir. 2005)(stating that "[s]tate law errors normally are not cognizable in habeas proceedings"); *see also Hughes v. Ashby,* 2014 WL 414321, at *3 (N.D. Ill. 2014)(stating that "jurisdiction is conferred upon Illinois state courts by the Illinois state constitution" and that "the issue of the jurisdiction of the trial court was purely an issue of state law"); *United States ex rel. Brown v. Chandler,* 2013 WL 6198182, ay *6 (N.D. Ill. 2013)(stating that the habeas claim was "non-cognizable, because it alleges only state law error, namely, that the state trial court lacked jurisdiction"). The record reflects that Martinez waived the issue of Bain's testimony by failing to object at the time Bain testified as to the statements. (R. Ex. A:35). The Appellate Court agreed, finding that Martinez failed to object to Bain's testimony and waived the issue. (R. Ex. A:35). Thus, Claim 3 is a non-cognizable claim for habeas relief. The court also notes that even if Claim 3 were a cognizable claim, it is factually baseless based on the record. Thus, Claim 3 lacks any merit.

IV. Claim 4

As indicated above, Martinez contends that the court erred by making an unreasonable determination of facts as presented in court. Martinez's claim is a dressed up "actual innocence" claim, which is not itself a federal constitutional claim. *Herrera v. Collins,* 506 U.S. 390, 404 (1993). Thus, Martinez's stand-alone actual innocence argument is not cognizable in a federal habeas proceeding. *Milone v. Camp,* 22 F.3d 696, 699 (7th Cir. 1994).

As indicated above, Martinez argues in Claim 4 that the appellate court erred

by making an unreasonable determination of facts as presented in State court. Martinez argues that there was insufficient evidence to prove him guilty beyond a reasonable doubt. In assessing a sufficiency of evidence claim in a habeas petition, the court should view the evidence "in the light most favorable to the State," and find that the evidence "is sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt." *Jones v. Butler*, 778 F.3d 575, 581 (7th Cir. 2015)(citing *Jackson v. Virginia*, 443 U.S. 307 (1979)); *see also Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016)(stating that a "state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement")(internal quotations omitted)(quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).

In the instant action, the record reflects that there was ample evidence upon which to convict Martinez. The fact finder clearly had a sufficient basis to find Martinez guilty based on the overwhelming evidence of his guilt. *See Woolley v. Rednour*, 702 F.3d 411, 426-27 (7th Cir. 2012)(indicating that "[s]tate court findings, including credibility determinations, are presumed correct on federal habeas review, unless the petitioner rebuts those findings with clear and convincing evidence"). Contrary to Martinez's depiction of the events, there was a plethora of evidence presented at trial showing that he committed the first degree murder, attempted first degree murder, aggravated battery with a firearm, armed violence, and home

invasion.  Also, Martinez has not shown that the Illinois Appellate Court applied the wrong standard on direct review when concluding that there was sufficient evidence to convict Martinez.  Therefore, Claim 4 lacks any merit.


## V. Claim 5

Martinez argues that the Appellate Court erred in denying his leave to file a supplemental brief.  Errors of state law in and of themselves are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  The federal court is "limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Id; Perruquet v. Briley,* 390 F.3d 505, 511 (7 Cir. 2004).  Saying a claim is not "cognizable on habeas review is thus another way of saying that his claim presents no federal issue at all." *Perruquet,* 390 F.3d at 511 (internal quotations omitted)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991). Martinez's argument would require the court to interpret an issue of Illinois state law.  As stated above, this court is limited to violations of Martinez's federal rights. Thus, Claim 5 lacks any merit.


## VI.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant."  *Id.*  A district court should only issue a certificate of appealability "if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Martinez has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Martinez shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Martinez decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

VII. Motion to Stay

Martinez argues that the court should grant his *pro se* motion to stay the habeas proceedings pending the resolution of a new post-conviction claim in state court that Martinez's sentence violated *Miller v. Alabama,* 132 S. Ct. 2455 (2012). Stays are generally predicated on unexhausted claims that petitioner can exhaust upon returning to state court. *Rhines v. Weber,* 544 U.S. 269, 277 (2005). Thus, "[s]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Also, "even if a petitioner had good cause for that failure, the district court would

abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." 28 U.S.C. § 2254(b)(2) ("stating that an "application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). Martinez argues that his newly filed state court petition warrants a stay. In the instant action, however, Martinez exhausted his claims in state court. Moreover, Martinez's *Miller* claim is entirely meritless. In *Miller,* the court held that juveniles being sentenced to life in prison without the possibility of parole violates the Eighth Amendment. *Miller,* 132 S. Ct. at 2464. Martinez was not a juvenile at the time he committed the crimes for which he was convicted. Thus, Martinez's motion to stay the proceedings is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied and the motion to stay is denied.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 19, 2017